**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ELIZABETH TORRES,

    Plaintiff,

v.                                                    CASE NO:  8:16-CV-1330-T-30MAP

SELECT PORTFOLIO SERVICING, INC.,

    Defendant.
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Dkt. 9) and Plaintiff's Response in Opposition (Dkt. 11). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted, with leave to amend.

### **Background**

    On May 11, 2016, Plaintiff sued Defendant Select Portfolio Servicing, Inc. ("SPS") in County Court, Small Claims Division, in and for Pinellas County, Florida (the "State Court Action"). On May 27, 2016, Defendant removed the State Court Action to this Court.

    Plaintiff's sole claim against SPS arises out of an alleged violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and its implementing regulation, 12 C.F.R. 1024.36 ("Regulation X"). Specifically, Plaintiff alleges that SPS violated Section 2605(k) of RESPA and Section 1024.36 of Regulation X by failing to timely acknowledge receipt of Plaintiff's request for information. Regulation X provides that,

"[w]ithin five days . . . of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request."  12 C.F.R. § 1024.36(c).

Defendant now moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Court concludes that the allegations are too conclusory to state a claim and permits Plaintiff to amend the complaint to address these deficiencies.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## Discussion

"[T]o state a RESPA claim for failure to respond to a qualified written request, a plaintiff must allege: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a qualified written request consistent with the requirements of the statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the

plaintiff has suffered actual or statutory damages." *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012). The bare-bones complaint fails to allege basic facts in support of these four elements. Plaintiff appears to concede that her complaint is deficient: she states in her response that she filed this case in Pinellas County Small Claims Court, where the pleading standard is more lenient.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Dkt. 9) is granted without prejudice to Plaintiff to amend her complaint.

2. Plaintiff shall file her amended complaint within fourteen (14) days of this Order; failure to file an amended complaint during that time shall result in the closure of this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2016.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-1330 mtd 9 RESPA grant.wpd*